Our final case of the day is Lopez Garcia v. Barr. Ms. Baldini-Potterman Good morning, Your Honors. May it please the Court. My name is Maria Baldini-Potterman and I represent Maria Lopez Garcia and her three minor children in this case. Petitioner Maria left Guatemala with her children after being repeatedly contacted by a male who knew that her husband was in the United States working on sending back money. The calls initially started and then increased in the severity of their threats. The Guatemalan government has demonstrated through the country conditions that it is incapable of protecting Maria and her children from persecution and torture. Specifically, Maria was living alone as a woman with her children and Guatemala was vulnerable. There are two issues presented in this case. The first is whether the Board of Immigration Appeals failed to properly consider the record evidence regarding the widespread violence against women, which includes femicide in Guatemala, and the Guatemalan government's inability to protect women living alone with their children from persecution and torture. And the second is whether or not the Board failed to also apply the proper review to Petitioner's claims under Article 3 of the Convention Against Torture, again in light of the record evidence. With respect to the first issue on the motion to reconsider and then also the motion to reopen, the facts in this case do merit a little bit of a closer attention than the government portrayed in its brief. The first call came to- Counsel, we are not a forum to re-argue the merits. The Attorney General contends that none of the arguments you are now making has been properly preserved, that what you're now making are the arguments that were originally made in support of the motion for relief, for which no petition for review was filed, but that you are not making now the arguments on which you sought reconsideration and reopening. Is that correct? Yes, Your Honor. We did respond to the court regarding jurisdiction. I was merely going to draw the court's attention to the three phone calls and then place that in context within the motion to reopen and the documentary evidence that was submitted with the motion to reopen. You said the magic word, yes, in response to- The Attorney General is arguing that all of the arguments you are now making have been forfeited in one way or another. And if you're now agreeing with the Attorney General on that, I'm not sure what's before us. With respect to the issues of the motion to reopen, the issue was properly preserved with respect to the new record evidence submitted and the particular social group in looking ahead to well-founded fear of future persecution. We submit that the documentation, which included the 2017 country report produced by the State Department in 2018, was relevant as new evidence, previously not available, and which goes to the question, Your Honor, of whether she has a well-founded fear of future persecution under the 10% possibility for asylum. This was a timely filed application. The new State Department records do demonstrate that the issue of femicide has continued in Guatemala and that the risk to women in Guatemala still exists. The conditions in the political context, Your Honor, were submitted to demonstrate that the situation has not improved in Guatemala for women. And in particular, we have here women who reside alone with their children. So we do submit that this documentation is relevant to the particular social group, as well as the nexus as she was living alone with her children and was threatened repeatedly. The Board of Immigration Appeals considered all this in rejecting the motion for reconsideration and the motion to reopen because there was no evidence of materially changed conditions, which is what the latter would require. And the Board held, with respect to the motion for reconsideration, that it was based essentially on the same arguments that were advanced at the plenary level. So what about that was an abuse of discretion? You're just re-arguing the merits. Your Honor, the petitioner and her children were previously represented by other counsel below. And I do believe that we have presented documentation as far as the country conditions go that demonstrate the situation has worsened for women such as petitioner and her children. Well, the Board disagreed with that, reviewed the evidence and disagreed with that. And you have to demonstrate that that was a downright unreasonable ruling, that the Board committed an abuse of discretion and declining to reopen based on that country conditions report. And that, Your Honor, is the question that we asked the Court to decide, whether the Board did abuse its discretion in failing, well, in how it considered the documentary evidence. Femicide is a severe issue. And that was at issue at the plenary level as well when the merits of this claim were rejected. And country conditions continue to be bad in Guatemala. It's not a material change, or at least that's how the Board viewed the additional evidence having looked at it. Yes, Your Honor. I mean, it didn't overlook the additional evidence. It didn't refuse to consider the additional evidence. This disagrees with you that it reflects a material change in country conditions that would warrant reopening. Yes, Your Honor. And with that, I'll reserve my time for rebuttal. Thank you. Certainly, counsel. Ms. Green. May it please the Court? I'm Susan Green for the Attorney General. I think the Court has noted that a key factor in this case is that there was no petition for review from the underlying removal order. There are two consequences of the petitioner's failure to take a petition for that original removal order. And one is that the standard of review is different. And the other is that the questions on review are different. The questions have to do with whether the petitioners filed a proper motion to reconsider and motion to reopen. And I think the answer to those is that the Board found, reasonably found, that they had not filed motions that satisfied the criteria for either of those motions. Ms. Baldini-Porcumin argues that evidence about femicide was important and the Board, I guess she says, erred in failing to decide that that would change the result. But the fact is that she has to show that there was something that was related to her particular social group that was very different. And her particular social group is Guatemalan females living alone with their children in their country as their husbands had migrated to the United States. The fact that there is femicide doesn't coincide closely with her group. Femicide seems to be a sexualized murder of women. There was nothing at all suggesting that that was the danger that she risked. She had these three telephone calls. She never had a confrontation with these callers. They never followed through even though she was there for months. The call started in March. She was there through May of the next year and she never had any confrontation with these callers or they never tried to follow through on their threats. For those reasons, the general evidence about the violence in her country doesn't coincide closely with what was going to happen to her or what she alleged was going to happen to her. The immigration judge and the Board found that she didn't show that she was subject to past persecution because these threats were not immediate and menacing. That's well established in the case law of this court. I think for those reasons, the Board's denial of both of the motions was reasonable and this court should deny the petition. If the court has any questions, I'd be glad to answer them. Thank you very much, Counsel. Thank you. Anything further, Ms. Moldini-Potterman? Yes, Your Honors. Thank you. Just a couple of points. First of all, since the government brought up the facts on the three calls and said that the petitioner left in May, she actually did not leave in May. She left in April 2014, which was exactly three months after the third call came in which the caller threatened not just her but the lives of her children and threatened to kill all of them. The second point I wanted to make clear for this court is that the government argues that the issue is whether it was a proper motion and a proper motion to reopen and reconsider. These were properly and timely filed motions and they were not number barred. I just wanted to bring that to the court's attention. Thank you. Thank you very much, Counsel. The case is taken under advisement and the court will be in recess. Thank you. Thank you. Thank you.